UNITED STATES DISTRICT COURT
EASTERN DISTRICT: STATE OF NEW YORK
---------------------------------------------------------X

HANGER DESIGN CENTER, INC.,

                    Plaintiff,

    -against-

CALIBER CORPORATION,

                    Defendant.
---------------------------------------------------------X

Civil Action No.:

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, by its attorney, Scott Lockwood, Esq., complaining of the defendant herein, respectfully shows to this Court, and alleges as follows:

INTRODUCTORY STATEMENT

1. This is a declaratory judgment action brought by Hanger Design Center, Inc., against Defendant Caliber Corporation, for: (1) a declaration of non-infringement under 15 U.S.C. § 1114 of Defendant's claimed rights in a federally registered trademark; (2) a declaration that Hanger Design Center, Inc., does not unfairly compete with Defendant under 15 U.S.C, § 1125(a); (3) a declaration that the trademark at issue is invalid; and (4) cancellation of the trademark under 15 U.S.C. § 1064. As alleged in more detail in this Complaint, Defendant's mark, is functional, and therefore, not properly a trademark, in addition to being a product design, which is not properly a trademark under the facts and circumstances herein. Hanger Design Center, Inc., seeks a declaratory judgment that it does not infringe Defendant's mark or unfairly compete with Defendant, and that

1

Defendant's mark is invalid. Accordingly, Hanger Design Center, Inc. further requests cancellation of the mark's federal trademark registration.

2. Hanger Design Center, Inc., is a New York Corporation with its principal place of business, located at 151 West 5th St, Deer Park, in Suffolk County in the State of New York.

3. Upon information and belief, Defendant is an Illinois Corporation with its principal place of business at 14 Winterberry Court, Streamwood, IL 60107

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. §§ 2201 and 2202.

5. Upon information and belief, Defendant is subject to personal jurisdiction in this Court, because Defendant operates its business in this judicial district, and has continuously and systematically transacted business and supplied goods and services directed to consumers residing in this judicial district, including to some extent using the challenged marks at issue in this judicial district. Furthermore, Defendant affirmatively reached out and performed acts in this jurisdiction with respect to the trademark at issue.

6. Defendant has purposefully availed itself of the benefit of this State and judicial district, such that maintenance of suit in this judicial district would not violate due process.

7. Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Hanger Design Center further demands a trial by jury in all matters triable by a jury.

## FACTS

9. The Plaintiff corporation was formed by an Air Force Veteran, who proudly served his country from April 1996 until April 2000. The company dealt mainly with wedding related items. Since many of the individuals utilizing the service were veterans and/or military personnel, the company began making military styled wedding gift items, to wit, bullet shaped bottle openers.

10. In keeping with his military background and in order to thank the servicemen and women who serve our country, the company offers discounts on all items for veterans and military personnel.

11. Upon information and belief, Defendant, Caliber Corporation has a federal U.S. trademark registration for a "three dimensional configuration of a large caliber bullet in a cartridge" for bottle openers in Class 21, U.S. Reg. No. 4,630,557.

12. Plaintiff received notice that Defendant had contacted Etsy alleging that Plaintiff corporation was infringing upon its trademark under U.S. Registration number 4,630,557.

13. Etsy, Inc., is a Delaware corporation authorized to do business in the State of New York with its principal executive office located at 55 Washington Street, Suite 512, Brooklyn, New York.

14. Etsy is a peer to peer e-commerce website utilized extensively by Plaintiff in its business transactions.

15. In accordance with the notice, Etsy, suspended all sales of the disputed items, causing a significant disruption to Plaintiff's business.

16. Following receipt of this notice, the Chief Executive Officer of Hanger Design Center contacted Defendant in an effort to amiably resolve this situation.

17. In response to this, Defendant sent Hanger Design Center a cease and desist letter, requesting that Hanger Design Center "cease and desist in any further use of the bullet bottle opener design trademark in association with the sale, marketing, distribution, promotion or other identification of your products, or services".

18. Hanger Design Center has ceased any marketing or distribution of the product at issue following receipt of the notification.

19. The actions by Defendant, in view of the totality of facts and circumstances, has created an actual controversy between the parties. Such an actual controversy now warrants resolution by declaratory judgment.

20. Declaratory relief will serve to resolve a real and immediate controversy as to Defendant's legal rights with respect to the sale of the bottle opener at issue, including

Hanger Design Centers' legal rights to advertise, market and sell the bottle opener at issue.

21. For the foregoing reasons, an actual controversy exists between the parties as to whether Hanger Design Center infringes upon Defendant's Mark, whether the Mark is valid, and whether the Registration should be canceled. The Mark and Registration is a functional part of the item and serves to give Defendant an unfair monopoly, in contrast to the intended purpose of a trademark.

## COUNT ONE
**(Seeking a Declaration that Hanger Design Center Does Not Infringe – 15 U.S.C. § 1114)**

22. Hanger Design Center herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "21" as if more fully set forth herein.

23. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise bullet shaped bottle openers. Hanger Design Center and Defendant have adverse interests in the subject matter of the dispute.

24. Hanger Design Center seeks a declaratory judgment that its past and any potential future sale of bullet shaped bottle openers does not infringe and at all times has never infringed, any existing and valid U.S. Trademark registration owned by the Defendant under the Lanham Act, 15 U.S.C. § 1114, including, but not limited to, Registration No. 4,630,557 for "three dimensional configuration of a large caliber bullet

in a cartridge" bottle openers.

## COUNT TWO
### (Seeking a Declaration that Hanger Design Center Does Not Unfairly Compete – 15 U.S.C. § 1125(a))

25. Hanger Design Center herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "24" as if more fully set forth herein.

26. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise bullet shaped bottle openers. Hanger Design Center and Defendant have adverse interests in the subject matter of the dispute.

27. Hanger Design Center seeks a declaratory judgment that its past and any potential future sale of bullet shaped bottle openers is not likely to cause confusion, mistake or deception as between the source, association, or affiliation of the products, services or businesses and does not unfairly compete with Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

28. Hanger Design Center seeks a declaratory judgment that its past and any future sales of bullet shaped bottle openers does not infringe and has not infringed upon any existing and valid trademarks owned by Defendant, and has not caused any injury to Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT THREE
### (Seeking a Declaration that Trademark No. 4,630,557 is Invalid)

29. Hanger Design Center herein repeats, realleges and reiterate each and every

allegation as set forth in paragraphs numbered and designated as "1" through "28" as if more fully set forth herein.

30. Defendant claims to be the owner of the Registration and Trademark No. 4,630,557 and that the Mark is valid and enforceable.

31. Defendant has further claimed alleges that Hanger Design Center infringes the Mark and has engaged in unfair competition in connection with the Mark.

32. Hanger Design Center contends that the Registration and Mark is invalid in that they are functional since the bullet shape is essential to a bullet shaped bottle opener.

33. Hanger Design Center further contends that the Registration and Mark is invalid in that the mark consists of a nondistinctive product design which are incapable of serving as source identifiers of the Defendant's goods. Moreover, this was so at the time of their registration. Moreover, prior to the issuance of the Registration, the Mark not had acquired a secondary meaning in the sense that each Mark's primary significance was that of a source indicator of goods emanating from registrant. The Registration and Mark convey a commercial impression that is merely descriptive to a reasonable consumer, consisting of the qualities, or characteristics of the goods related to the mark. Thus, an immediate, real and justiciable controversy now exists between the parties with respect to Defendant's Registration and Mark.

34. Hanger Design Center seeks a declaration that the Registration and Trademark No. 4,630,557 and that the Mark is invalid and unenforceable.

## COUNT FOUR
### (Cancellation of Federal Trademark Registration, 15 U.S.C. § 1064)

35. Hanger Design Center herein repeats, realleges and reiterate each and every allegation as set forth in paragraphs numbered and designated as "1" through "34" as if more fully set forth herein.

36. Hanger Design Center seeks cancellation of the Registration under 15 U.S.C. § 1064.

37. This proceeding is brought within five years of the registration of the Mark.

38. Hanger Design Center contends that that the Registration is invalid in that it is functional, since the bullet shape is essential to a bullet shaped bottle opener.

39. Hanger Design Center further contends that the Registration is invalid in that the mark consists of a nondistinctive product design which is incapable of serving as source identifiers of the Defendant's goods. Moreover, this was so at the time of their registration. Moreover, prior to the issuance of the Registration, the registered Mark had not acquired a secondary meaning in the sense that each Mark's primary significance was that of a source indicator of goods emanating from registrant. The Registration conveyed a commercial impression that is merely descriptive to a reasonable consumer, consisting of the qualities, or characteristics of the goods related to the mark.

Thus, an immediate, real and justiciable controversy now exists between the parties with respect to Defendant's Registration.

40. Upon information and belief, Hanger Design Center further is of the belief that Defendant failed to provide sufficient proof of its substantially exclusive and continuous use in support of its claims of acquired distinctiveness in its submissions to the U.S. Patent and Trademark Office used to obtain registration. This is so because of, among other things, Defendant's actual knowledge of a conflicting use of an identical product marketed, sold and advertised by, among others, Bullets2Bandages, L.L.C., a California Limited Liability Company.

41. Hanger Design Center will be damaged if the Registration is not canceled, as outlined above. Defendant has enforced its Mark against Hanger Design Center, as set forth above, causing a significant disruption to Plaintiff's business. As such, Hanger Design Center will continue to be damaged by the Marks.

42. If Defendant is permitted to retain the Registrations sought to be cancelled, and therefore the prima facie exclusive right to use in commerce the Marks, Hanger Design Center will suffer a great detriment.

43. Hanger Design Center seeks a declaration cancelling the Registration.

WHEREFORE Hanger Design Center, Inc., prays for a declaratory judgment that:

(1) Any past and any potential future sale of bullet shaped bottle openers by Hanger Design Center, Inc., does not infringe and at all times has never infringed, any

existing and valid U.S. Trademark registration owned by the Defendant under the Lanham Act, 15 U.S.C. § 1114, including, but not limited to, Registration No. 4,630,557 for "three dimensional configuration of a large caliber bullet in a cartridge" bottle openers;

(2) Any past and any future sales of bullet shaped bottle openers by Hanger Design Center, Inc., does not infringe and has not infringed upon any existing and valid trademarks owned by Defendant, and has not caused any injury to Defendant under the Lanham Act, 15 U.S.C. § 1125(a);

(3) Defendant, its officers, agents, servants, employees and attorneys, and all those inactive concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from instituting, prosecuting or threatening any action against Hanger Design Center, Inc., its affiliates or anyone in privity with it, in connection with the Registration and the sale of bullet shaped bottle openers;

(4) The Court enter Judgment that the Registration and Trademark No. 4,630,557 is invalid and unenforceable, pursuant to 15 U.S.C. § 1119; and

(5) The Court enter Judgment that the Trademark Registration Trademark No. 4,630,557 is cancelled, pursuant to 15 U.S.C. § 1064; together with such other and further relief as to this Court seems, just, proper and equitable under the facts and circumstances presented herein.

Dated: December 28, 2015
      North Babylon, New York

                                Yours, etc.,

                                Scott Lockwood, Esq.
                                Attorney for Plaintiff
                                1476 Deer Park Avenue
                                Suite 3
                                North Babylon, NY 11703
                                631-242-3369